# SOUTHWESTERN BELL TEL. CO. *v.* TRAVELERS INDEMNITY CO.

5-5869                                               479 S.W. 2d 232

## Opinion delivered April 24, 1972

*Donald K. King* and *Charles G. Hollis,* for appellant.

*Wright, Lindsey & Jennings,* by: *William R. Overton,* for appellee.

FRANK HOLT, Justice. Appellant-insured initiated a declaratory judgment action seeking to establish that appellee-insurer was obligated to defend, under the provision of an insurance policy issued by appellee, a personal injury suit brought against appellant. The trial court agreed with the appellee that the policy's exclusionary language exempted appellee from defending appellant. For reversal of that judgment, the appellant contends that the trial court's decision and judgment in favor of appellee and against appellant contradicts the law and the undisputed evidence.

In March, 1969, the appellant entered into a written contract with an independent contractor to perform certain plowing, trenching work, and lay appellant's telephone ground cables and wires. This construction work was covered by an "Owners' and Contractors' Protective Liability Policy" issued by appellee. This policy specifically designated coverage for the work operation to be performed by the appellant's contractor. The contractor proceeded to dig the required trenches and lay the cables and wires. After the telephone wires and cables were laid, including service wires to a Mr. Thompson's residence, the trenches were then backfilled by the contractor and the machinery removed from the construction site. The appellant's construction supervisor inspected its contractor's work the latter part of August, 1969, and wrote on their contract, "WORK PERSONALLY INSPECTED AND FOUND TO BE COMPLETED IN A SATISFACTORY MANNER." A few days later, about September 1, appellant paid its contractor in full for the completed work under the contract. About two months later, the Thompsons' grandson was injured when he tripped and fell on the Thompson premises because of a depression in the trench which had resulted from the settling of the backfill due to rainfall. The contractor, shortly thereafter at appellant's request, shoveled sufficient dirt in the trench to correct the depression. Subsequently, a court action was instituted against the appellant to recover damages for the child's injuries.

In support of its contention that appellee should defend appellant in this action, the appellant focuses its appeal upon that portion of the insurance policy which reads:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury***
to which this policy applies, caused by an occurrence and arising out of (1) operations performed for the named insured by the contractor designated in the declarations at the location designated therein***. (2) ***and the company shall have the right and duty to defend any suit against the insured

seeking damages on account of such bodily injury ***.

The appellant also adduced undisputed evidence from its supervisor and its contractor that based upon an oral understanding between appellant and its contractor the contractor would, following approval and payment of this work project and upon notification by appellant, return to the construction site and refill any sunken trenches without any additional pay. This was an established procedure between the parties for many years and occurred in the case at bar:

The appellee, in denying the asserted coverage, relies on that portion of the policy which reads:

"This policy does not apply: (b) to bodily injury or property damage occurring after (1) all work on the project (other than service, maintenance or repairs) to be performed by or on behalf of the named insured at the site of the covered operations has been completed or ***."

It is appellant's position that the contract was not completed and even if the main work project was completed, the parathentical words in the above quoted clause provide a continuous coverage following completion of the project. It is the appellee's contention that appellant's interpretation ignores the phraseology which denies any coverage for bodily injuries "occurring after" completion of the project and further that the parenthetical words are a limitation on the insurance coverage and not an exception to the exclusionary clause.

We think the trial court was correct in construing the contract as not providing the asserted coverage. Certainly, the appellant had accepted the main work project as being satisfactorily completed; however, the appellant would construe the parenthetical clause, "other than service, maintenance, or repairs," to include these items or restoration work as an extension of the time element provided for in the policy. We cannot agree. In our view, there is no ambiguity in the exclusionary clause. The

exclusionary clause clearly defines the extent of the work project or the time element and does not include the asserted coverage for restoration work following completion of the project. See *King* v. *United States F. & G. Co.*, 264 F. Supp. 703 (1967); *Clauss* v. *American Ins. Co.*, 214 F. Supp. 442 (1963). Also, we recognize the general rule that where there is a practical acceptance by a proprietor upon completion of its contractor's work thereupon the liability of the contractor as to third persons ceases and the responsibility "for maintaining or using [it] in its defective condition [is] shifted to the proprietor." *Chesser* v. *King*, 244 Ark. 1211, 428 S.W. 2d 633 (1968). This is in accord with the contention of the appellee in the case at bar.

Affirmed.