Larry LEE and Mary Lou LEE *v.* John DOE,
CARTER OIL COMPANY, INC. and CARTER
CONSTRUCTION COMPANY, INC.

81-166                                    626 S.W. 2d 353

Supreme Court of Arkansas
Opinion delivered December 21, 1981
[Rehearing denied February 1, 1982.]

*Clark & Reis,* by: *Mark P. Clark,* for appellants.

*Friday, Eldredge & Clark,* by: *William H. Sutton,* and *Tom F. Lovett* of *Tom Forest Lovett, P.A.,* for appellees.

JOHN I. PURTLE, Justice. This is an appeal from two summary judgments which dismissed tort actions against the Carter Oil Company and the Carter Construction Company. The actions were brought by Mary Lou Lee and appellant, Larry Lee, who had received workers' compensation benefits as an employee of Carter Oil Company. Appellants argue that there were genuine issues of facts to be determined and therefore it was error to grant the summary judgments. We agree with the appellants for the reasons set out below.

Larry Lee and his wife, Mary Lou Lee, lived in a mobile home on the Carter Oil Company property where she operated a self-service gasoline station. Mary Lou Lee received a straight commission on the sale of gasoline, not being paid by the hour, day or month. There were no withholdings from the commission paid to Mary Lou Lee for F.I.C.A. or income tax purposes. It was within her discretion to decide when to open and close the station. There is no indication in the record that she was subject to the control of Carter Oil Company. Her husband was drawing total disability benefits from the Social Security Administration. On occasion he would perform small duties around the station but was on no set schedule and received no pay for his services.

Carter Oil Company and Carter Construction Company were family owned corporations operating from the same office. A driver who was on the Carter Construction Company payroll was sent by his supervisor to deliver gasoline to the station operated by Mary Lou Lee. The driver delivered the gasoline in a Carter Oil Company truck to the Carter Oil Company owned station. During the delivery process he spilled a quantity of gasoline on the driveway. The appellant Larry Lee attempted to wash the gasoline away with a garden hose but during the process an explosion occurred and he was severely injured, receiving burns over 63% of his body. Also, his two small fingers were so badly burned they had to be amputated.

While appellant Larry Lee was in the hospital a representative of Carter Oil Company's insurance carrier came to his bedside and took a statement wherein appellant stated he was employed by Carter Oil Company. Workers' compensation benefits were immediately forthcoming through weekly payments as well as the payment of his medical expenses. No claim was filed by appellant with the Workers' Compensation Commission, nor did appellant seek an attorney in any regard at this point. After he was released from the hospital the insurance carrier discontinued benefit payments and approached him about settling the claim. At this time claimant informed the carrier that he was not an employee of Carter Oil Company. Subsequently

he filed a negligence action against Carter Oil Company and Carter Construction Company. The complaint alleged that the truck driver was negligent in transferring the gasoline from the delivery truck to the storage tanks and as a result of this negligence the appellant suffered severe and grievous injuries. He alleged the driver was an employee of the oil company and the construction company and that they were jointly responsible. The Carter Construction Company answered and denied that the driver was its employee and stated that the truck driven by him was owned by the oil company. Carter Oil Company answered generally, denied the allegations in the complaint, and affirmatively pleaded that appellant was an employee of the oil company concluding that workers' compensation was his exclusive remedy. The oil company also alleged contributory negligence on the part of the appellant.

Carter Oil Company moved for a summary judgment on the grounds that there were no genuine issues of material fact to be determined by the court. In the motion they alleged that appellant was their employee and his remedy was limited to workers' compensation benefits. Appellant responded to the oil company's motion and alleged that the issue of employment status was a question of fact to be determined by the jury. He further stated there was a dispute as to whether the truck driver was an employee of the oil company. He also denied that he was estopped from asserting his tort action by having accepted workers' compensation benefits which were voluntarily tendered to him. Appellant filed an affidavit that he was not employed by Carter Oil Company at the time of the accident and that his former supervisor at the oil company was aware of the fact that he was no longer an employee. Mary Lou Lee also filed an affidavit stating that her husband's employment was terminated by the oil company in September 1977 and thereafter she operated the station on her own.

Carter Construction Company moved for a summary judgment on the ground that the truck driver was an agent-servant and employee of the oil company and not the construction company. The motion further stated that the construction company had no interest in the oil company.

Therefore, Carter Constructon Company alleged, there was no genuine issue of fact. In response to this motion the appellant alleged that depositions which had been taken in the case did not establish ownership of the equipment or the truck involved. The response also stated that the questions of ownership, control and employment remained to be resolved.

The appellant responded to the interrogatories of the construction company stating that he was not employed at the time of the accident. He further stated that he understood his medical expenses were paid by the workers' compensation carrier.

Carter Construction Company responded by interrogatories that the truck driver was their employee on the date of the accident and that he was obligated to haul construction company equipment for them. The construction company further stated that on the date of the accident the driver had been loaned to the oil company to perform duties as a truck driver.

The record revealed at the time the summary judgments were granted that the oil company denied the truck driver was their employee at the time of the delivery of the gasoline. The construction company claimed that he was their employee on that date but that he had been loaned to the oil company.

The workers' compensation carrier alleges the appellant is estopped to deny that he was an employee of the oil company. The claimant alleged that he was not an employee of anyone and that the truck driver was an employee of the construction company and/or an employee of both companies.

The court granted the motions for summary judgment on the theory that the truck driver was an employee of the construction company at the time of the incident but was on loan to the oil company. It further held that Larry Lee was an employee of the oil company and that he had drawn substantial sums of money from the workers' compensation

carrier and could not recover in tort against Carter Oil Company. Although the court's opinion did not state that appellant was estopped to deny his employment status, there was strong indication that this was a part of the court's holding.

Both Larry Lee and his wife stated under oath that he was not an employee of the oil company. Carter Construction Company admitted that the truck driver was their employee but alleged he was on loan to the oil company at the time of the accident. The Carter Oil Company argued that the driver was not their employee but was performing work for them on loan from Carter Construction Company.

A summary judgment is an extreme remedy and should never be granted if there is a genuine issue as to any material fact. In *Arnold* v. *All American Assurance Co.*, 255 Ark. 275, 499 S.W. 2d 861 (1973), we stated:

> The only conditions that justify granting a summary judgment are those under which the moving party is entitled to judgment as a matter of law. (Cites omitted). These conditions exist only when there is no genuine issue as to any material fact and when, even though the facts are undisputed, reasonable, fair-minded persons could only draw one conclusion from them. (Cites omitted). We do not find such a condition to prevail here. The burden was upon appellee to show its entitlement to summary judgment, and if there is any substantial evidence on which a contrary result could be reached, the judgment should be denied. (Cites omitted).

There are several facts which seem to be substantially disputed: (1) whether Larry Lee was an employee of the oil company; (2) whether the truck driver was an employee of the oil company or the construction company or both; and, (3) whether the appellant was estopped to deny his status as an employee after having received benefits from the workers' compensation carrier.

As previously stated, both Larry Lee and his wife deny

that he was an employee of Carter Oil Company. It is not seriously disputed that he did no substantial work around the property and that he received no money for the performance of any services. The only benefit he received was that his wife had a job and was furnished a place for the family to live. This certainly would not conclusively show that he was an employee of the Carter Oil Company.

The truck driver was admittedly on the payroll of the construction company and was sent by a construction company supervisor to deliver gasoline to the Carter Oil Company. Presumably the supervisor could have called him off the job and returned him to his regular job of delivering material for the construction comany at any time he chose. It is not impossible that the driver was an employee of both companies. It appears the pleadings, depositions and interrogatories at least place the issue of employment of both appellant and the truck driver in dispute.

The estoppel question is perhaps the most serious one in this case. It has been said that estoppel arises where, by fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right to recovery. *Bethell* v. *Bethell,* 268 Ark. 409, 597 S.W. 2d 576 (1980). In the present case the insurance carrier went to the hospital and voluntarily started payments to the appellant. There is nothing in the record to indicate that appellant practiced a fraud upon the carrier. In fact, such an allegation is not even asserted in the pleadings. Certainly, the carrier is not damaged in this case because if the appellant makes a recovery, the carrier will be entitled to reimbursement from the proceeds of the recovery. It is obvious that the carrier, who was also the liability carrier for Carter Oil Company, would be out considerably less money if it were able to pay workers' compensation benefits rather than full damages upon a recovery for negligence.

A summary judgment prevented a full hearing on the case and precluded any consideration by a jury of the allegations made by the various parties. A summary judg-

ment should be granted only in extreme circumstances. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.,* 265 Ark. 468, 579 S.W. 2d 89 (1979). A summary judgment should not be granted where reasonable minds could differ as to the conclusions they could draw from the facts presented. *Arnold* v. *All American Assurance Co.,* supra, and Arkansas Rules of Civil Procedure, Rule 56 (c). It was the duty of the parties moving for a summary judgment to prove the nonexistence of a fact issue. *Deltic Farm & Timber Co.* v. *Manning,* 239 Ark. 264, 389 S.W. 2d 435 (1965).

We feel it was improper to allow summary judgments in this case as the record stood at the time of said judgments. Therefore, the case is remanded with directions to proceed in the usual manner.

Reversed and remanded.

HAYS, J., concurs.