Carl FORD *v.* Jimmy CUNNINGHAM

86-123                                          722 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered January 20, 1987

*Eilbott, Smith, Eilbott, Humphries & Taylor*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JOHN I. PURTLE, Justice. The trial court granted appellee's motion for a summary judgment on his complaint for contribution from a joint tortfeasor. Judgment was granted after pleadings and affidavits were filed and depositions taken. The appellee had settled a suit against three alleged joint tortfeasors and had taken a release in favor of all three defendants. The appellant argues on appeal that the court erred in finding that as a matter of law he was liable for contribution pursuant to Arkansas Stat. Ann. § 34-1002 (Repl. 1962). We agree and hold that there was a genuine issue as to material fact and that the court erred in granting a summary judgment.

On July 4, 1983, Jimmy Cunningham (appellee) borrowed his father's automobile. He and Carl Ford (appellant) drove to the Pine Bluff Convention Center to watch a fireworks display. As they were leaving the convention center, the appellant picked up a large unexploded firecracker. He and the appellee examined the firecracker to determine if it was a "live" explosive. The firecracker was then tossed into the back seat of the vehicle. The two young men drove around the city and picked up William Meadows, a mutual friend.

After driving to a place near Third and State Streets in Pine Bluff, Meadows got out and lit the firecracker. Meadows reentered the auto and they drove away. The firecracker caused a fire which destroyed a grocery store building and its contents.

Based upon their conduct, the three young men were charged with Reckless Burning, a Class D felony. Subsequently, each of them entered a guilty plea to the reduced charge of criminal mischief, a Class A misdemeanor.

A negligence suit was instituted against the three, and Cunningham (appellee) paid $99,990 for a release of all the defendants. The civil suit was dismissed with prejudice. Cunningham then filed the present action for contribution from Ford, alleging that Ford was a joint tortfeasor. Appellant's answer denied all allegations of negligence and denied that he was with appellee at the time the firecracker was ignited. In response to interrogatories, the appellant admitted the amount of the damages and that the appellee paid for a release of the defendants. In his answer, the appellant specifically denied any negligence on his part and denied that he had recklessly destroyed or damaged property.

The trial court granted the motion for a summary judgment after reviewing the pleadings, depositions, admissions, affidavits, the guilty pleas in criminal court, and the settlement of the civil suit. The affidavits made by Meadows and Ford denied any involvement or negligence on the part of the appellant as to the lighting of the firecracker.

Summary judgment, like a mistrial, is an extreme remedy. It will be granted only when there is no genuine issue of material fact. *Township Builders, Inc.* v. *Kraus Construction Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985); *Lee* v. *Doe*, 274 Ark. 467, 626 S.W.2d 353 (1981). The burden of proving that there is no genuine issue of material fact is upon the moving party, the appellee in the present case. All proof submitted must be viewed in a light most favorable to the party resisting the motion and any doubts and inferences must be resolved against the moving party. *Leigh Winham, Inc.* v. *Reynolds Insurance Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). A.R.C.P. Rule 56.

From the record we see that the appellant's answer denied every issue of material fact. The responses to the interrogatories dispute the allegations of the complaint. The affidavits of Meadows and the appellant state that appellant was not negligent and had no involvement in the explosion of the firecracker. The only clearly undisputed fact was that the appellant pled guilty to the reduced charge of criminal mischief. Therefore, it is obvious that there were different conclusions concerning the same facts. The trier of fact is entitled to resolve the issues which are disputed. The purpose of a summary judgment, however, is not to

try the issues, but to determine if there are issues to be tried. *Township Builders, Inc.* v. *Kraus Construction Co.*, supra; *Joey Brown* v. *Merchants National Bank*, 284 Ark. 418, 683 S.W.2d 601 (1985). If there is any doubt whatsoever, the motion should be denied. *Rowland* v. *Gastroenterology Assoc.*, 280 Ark. 278, 657 S.W.2d 536 (1983).

■ There can be no doubt that Meadows and Ford made the affidavits with personal knowledge as provided in A.R.C.P. Rule 56(e). The affidavits alone are sufficient to warrant a denial of the motion for a summary judgment. When coupled with the answer, responses to the interrogatories, and admissions, it becomes obvious that material facts were in serious dispute. The fact that appellant entered a guilty plea may be some evidence of negligence, but does not constitute negligence per se. *Young* v. *Dodson*, 239 Ark. 143, 388 S.W.2d 94 (1965).

■ Inconsistent statements are not a bar to civil actions. In the case of *Lee* v. *Doe*, 274 Ark. 467, 626 S.W.2d 353 (1981), the plaintiff initially stated he was an employee of an oil company, and he collected workers compensation benefits. Later he filed a civil suit alleging he was not an employee of the oil company. The defendant, the same oil company, moved for a summary judgment. Lee and his wife filed affidavits that he was not an employee. We reversed the summary judgment granted in favor of the defendant finding that there were still genuine issues of fact to be resolved. One of the factual issues was whether Lee was an employee or not. These inconsistent positions were matters to be decided by the trier of fact.

The trial court should not have granted the summary judgment. Therefore, we remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.