Mark JONES, et ux. *v.* Barbara DAVIS, et al.

89-120                                   777 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered October 9, 1989
[Supplemental Opinion on Denial of Rehearing
November 13, 1989.]

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.,* for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Brian Allen Brown*, for appellee.

DARRELL HICKMAN, Justice. This is a personal injury case. The only question is whether a stepfather is liable for his minor stepson's negligence in driving a vehicle. The trial judge granted summary judgment on this question holding in favor of the stepfather. We affirm.

Mark Jones, the appellant, was riding a motorcycle when he was struck by a vehicle driven by Charles A. Volpert who was seventeen years old. Volpert's mother, Barbara Davis, signed his application for a driver's license, and the car was registered in her name. She is married to Charles E. Davis, the appellee. Volpert's father is living in Pulaski County and contributes $250 per month

for his son's support. Neither Volpert's father nor his stepfather, Davis, signed the application.

The appellants contend Charles E. Davis stood *in loco parentis* or in place of a parent, and was required to sign Volpert's application for a driver's license and is therefore liable for his stepson's negligence. Ark. Code Ann. § 27-16-702(a)(1) (Supp. 1987) provides:

> The original application of any person under the age of eighteen (18) years for an instruction permit, operator's license, or motordriven cycle or motorcycle license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if either is living or has custody. In the event neither parent is living, then the application shall be signed by the person or guardian having custody or by an employer of the minor. In the event there is no guardian or employer, then the application shall be signed by any other responsible person who is willing to assume the obligations imposed under this subchapter upon a person signing the application of a minor.

The language in the statute clearly requires that either parent, if living, sign a minor's application for a driver's license. Only if neither parent is living is anyone else authorized to sign the application. Volpert's mother and father were living at the time he applied for his license. Therefore Volpert's stepfather was not required or authorized to sign the application and cannot be held liable under Ark. Code Ann. § 27-16-702(c)(1) (Supp. 1987).

Words in a statute must be given their usual and ordinary meaning. If there is no ambiguity, the statute is given effect just as it reads. *Chandler* v. *Perry-Casa Public Schools, Dist. No. 2*, 286 Ark. 170, 690 S.W.2d 349 (1985). There was no genuine issue of material fact, and the trial judge correctly granted summary judgment. *See Scully* v. *Middleton*, 295 Ark. 603, 751 S.W.2d 5 (1988).

Affirmed.

GLAZE, J., not participating.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### NOVEMBER 13, 1989

779 S.W.2d 181

*James C. Baker, Jr.,* for appellant.

*Jacob Sharp, Jr.,* for appellee.

DARRELL HICKMAN, Justice. The appellants point out that we have applied a statute, Ark. Code Ann. § 27-16-702 (Supp. 1987), which was not in effect at the time Volpert obtained his driver's license. They are correct, but our holding is not changed.

We should have applied Ark. Code Ann. § 27-16-702 (1987) which reads as follows:

> The original application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of applicant, if both are living and have custody of him, or in the event neither parent is living, then by the person or guardian having custody or by an employer of the minor, or in the event there is no guardian or employer, then by any other responsible person who is willing to assume the obligations imposed under this chapter upon a person signing the application of a minor.

This law provided, as does the amended version, that only if neither parent is living is anyone else required or authorized to

sign the application. Since Volpert's mother and father were living at the time he applied for his license, Volpert's stepfather was not required or authorized to sign the application.