IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2003 Session

## CHARLES LANKFORD WHITED v. CHRISTY D. FLEENOR, IN RE: CLF, born February 8, 2001

**Direct Appeal from the Juvenile Court for Sullivan County**
**No. 10011     Hon. J. Klyne Lauderback, Judge**

**FILED MARCH 13, 2003**

**No. E2002-01185-COA-R3-JV**

Trial Court ordered child's surname changed from mother's to father's.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Judith Fain, Johnson City, Tennessee, for appellant.

Timothy W. Hudson, Bristol, Tennessee, for Appellee.

### OPINION

In this action, the Trial Court changed the child's name from the mother's surname to the father's.  The mother has appealed, insisting that the evidence preponderates against the Trial Court's Judgment.

The child was born on February 8, 2001, after a brief relationship of the parties.  They have never married and the mother has no other children.  The father was not present at the delivery, nor during the child's 4-day confinement.  The mother named and Christened the child with her surname and did not list the father on the birth certificate, nor did he initially ask that he be named.  In March of 2001 the father obtained DNA testing which established his paternity.  The mother told the father that he could see the child whenever he wanted, but she was not going to push him to see

the child.

In August of 2001, the father filed a Petition to establish paternity and through mediation all issues were settled except the name change. On March 14, 2002, an evidentiary hearing was held and the parties were the only witnesses to testify. The evidence in the record elicited from the father regarding his reasons for seeking the name change is as follows:

Hudson:     And the order of parentage has been entered and you additionally filed a petition for parentage, you wanted to establish yourself. . . .

Whited:     Yes.

Hudson:     As the father of the child and to do the right things for the child, is that correct?

Whited:     Yes.

Hudson:     Can you tell the court why you believe it would be in the child's best interest for the child's name to be changed to Whited?

Whited:     I'd like for him to know who his biological father . . .

Hudson:     Speak up, I can't hear you.

Whited:     I'd like for him to know who his father is and go by his father's name and carry on the Whited name.

The mother testified that the child was Christened Fleenor, and already had extensive medical records in that name. She felt he should not have a different name from her, since he lived in the same house with her. She testified the child would know who his father was and that Mr. Whited could see the child whenever he desired. The Trial Judge Ordered the child's name changed and reasoned:

I don't see how it would be any difference that if they'd been, if they'd gotten married today and gotten divorced tomorrow or if they were married and the child had the father's name. Nobody seems to be terribly excited about that when you get a divorce and takes the father's name. I find it's in the best interest of the child for the child's name to be changed and do that while the child is very very young and it doesn't make any difference to the child. The concern about record keeping and changing documents is, while maybe inconvenient, is not a factor to be considered.

Our review is *de novo* upon the record, with a presumption of correctness of the trial court's findings of fact, unless the evidence preponderates otherwise. *Stone v. City of McMinnville,*

896 S.W.2d 548, 550 (Tenn. 1995). There is no presumption in the law that a child should bear the father's surname under all circumstances. *Barabas v. Rogers*, 865 S.W.2d 283, 287 (Tenn. Ct. App. 1993). At early common law, non-marital children acquired the surname of neither parent; they gained their name later based upon their occupation, reputation, or physical characteristics. These disenfranchised children were considered "children of nobody." *Id.* at 286. Custom and common law eventually evolved so that non-marital children received their mother's name at birth, a principle reflected today in our statutes:

> If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth, and the surname of the child shall be that of the legal surname of the mother. All information pertaining to the father shall be omitted.

Tenn. Code Ann. § 68-3-305(b)(1). Moreover, paternity proceedings do not automatically result in changing a child's surname as a matter of law. *Story v. Shelton*, 2001 WL 980767 (Tenn. Ct. App. No. M2001-01009-COA-R3-JV). It is well settled that the court's paramount consideration in making the decision to change a surname is whether it is in the best interest of the child, and the party seeking the change bears the burden of proof by a preponderance of the evidence. *Halloran v. Kostka*, 778 S.W.2d 454, 457 (Tenn. Ct. App. 1999). It has also been suggested that the moving party must make some objective showing of harm if the name is not changed. *Layman v. Repogle*, 1994 WL 228227 (Tenn. Ct. App. No. 01A-01-9312-CV-00516). The amount of proof required to justify the change is "not insubstantial." *Brown v. Baird*, 1997 WL 638278, (Tenn. Ct. App. No. 01A01-9704-JV-00148). Mere inconvenience or embarrassment is insufficient. *Halloran*, 778 S.W.2d at 456.

Among the criteria to be considered for making the best interest determination are: (1) the child's preference; (2) the change's potential effect on the child's relationship with each parent; and (3) the length of time the child has had its present surname; (4) the degree of community respect associated with the present and proposed surname; and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. *Barabas*, 868 S.W.2d at 287.

There is nothing to indicate in the best interest analysis that incorporates as a relative factor the mere preference of a parent to bestow his or her name. Tenn. Code Ann. § 68-3-305(b)(1) states that when the parents are unmarried, the surname of the mother shall be given. In fact, a child of married parents may carry the mother's surname if the parents agree. Tenn. Code Ann. § 68-3-305(a).

In *Brown v. Baird*, 1997 WL 6338278 (Tenn. Ct. App. No. 01A01-9704-JV-00148), the biological father sought to have his name placed upon the birth certificate by a petition when the child was six weeks old. He also requested the child's name be changed to a hyphenated surname of both parents to reflect his parentage. The mother objected, and the Court held that the father's wish to reflect his parentage and his mere belief or opinion that the hyphenated name would not

adversely impact the child, were insufficient to carry his burden of proof. He had proffered no evidence to show the original name was detrimental to the child and that a new surname would be beneficial or that it would have any effect upon the child's relationship with his parents and extended family. *See also, Lott v. Hightower*, 1996 WL 3383299 (Tenn. Ct. App. No. 02A01-9507-JV-00155) (holding it was incorrect to shift the burden of proof by requiring the appellant to convince court why the child should not bear his father's name because it's "the American way" to carry the father's name.)

The father's reasons advanced to change the child's surname fall short of his carrying the burden of proof by a preponderance of the evidence. The father further argues the mother is attempting to "control the relationship" and he wants the child to know who his father is. The mother testified to the contrary. This argument ignores the fact that so long as the father pays support and remains actively involved in his son's life by faithfully exercising visitation, the child will know his father and both can enjoy a father and son relationship without a change in the surname.

We hold the father failed to carry the burden of proof that it was in the child's best interest to change the child's surname to that of the father. The Judgment of the Trial Court is reversed and the cause remanded with the cost of the appeal assessed to Charles Lankford Whited.

_____
HERSCHEL PICKENS FRANKS, J.

-4-