NEW HAMPSHIRE INSURANCE COMPANY
*v.* Shelia QUILANTAN

78-24 569 S.W. 2d 102

Opinion delivered July 3, 1978
(Division II)
[Rehearing denied September 11, 1978.]

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Hobbs & Longinotti,* by: *Richard W. Hobbs,* for appellee.

GEORGE HOWARD, JR., Justice. The central question for resolution is whether the trial court erred in granting a summary judgment in favor of appellee-insured on her claim for fire loss, under an insurance policy issued by appellant-insurer where the insurer asserted the defense of arson to the insured's claim. Also appellant has challenged the attorney's fee awarded by the trial court as excessive.

The pertinent facts for a determination of the issue raised are:

On September 26, 1976, appellee-insured's personal dwelling and the contents therein were totally destroyed by a fire of unknown origin. At the time, appellee had insurance coverage with appellant-insurer in the sum of $23,000.00 on the dwelling house, $11,500.00 on the contents and the policy also provided for a sum not to exceed $4,000.00 as additional living expenses that might be incurred in case of fire damage.

Notice of the loss was duly communicated to appellant. On December 6, 1976, appellee instituted an action in the Circuit Court of Garland County against appellant, after appellant had failed to respond affirmatively to appellee's claim. Appellee prayed judgment for $38,500.00 plus 12 percent penalty, reasonable attorney's fee, plus 6 percent interest from September 24, 1976.

Appellant-insurer filed responsive pleadings contending, among other things, "that the fire loss in question was the result of arson knowingly caused by plaintiff and that de-

fendant is thereby relieved of any obligations to make payment under its policy." [1]

Appellee-insured immediately undertook extensive discovery in order to establish the existence or nonexistence of appellant's defense of arson by taking depositions, submitting interrogatories and request for admissions of fact to individuals whom appellant had designated as witnesses to be called to establish the defense of arson. Moreover, affidavits were submitted in behalf of appellee.

Pursuant to appellee's motion for summary judgment, after all discovery had been completed, and appellant's response to appellee's motion for summary judgment was duly filed, the trial court made the following finding:

". . . [T]he court finds that there is no substantial issue of fact existing in this case and that plaintiff's allegation of arson is not supported by any evidence but speculates on possible motives."

A judgment was entered in behalf of appellee in the following sums: $23,000.00 for the total loss of appellee's dwelling house, $11,500.00 for the loss of the contents, $4,-000.00 for living expenses, 12 percent penalty on the total sum of $38,500.00 and cost together with interest at 6 percent per annum on the sum of $38,500.00 commencing with September 24, 1976. The trial court awarded appellee's attorney a fee in the sum of $12,500.00.

For reversal, appellant contends that the trial court

---

[1]Other issues, not material to a resolution of the issue before us, were raised by appellant-insurer's pleadings, but were resolved against appellant by the trial court pursuant to a motion for summary judgment filed by appellee. However, the trial court held ". . .[T]here is only one issue of fact now existing between the parties and this question of fact is as to whether or not the plaintiff herein knowingly, by arson, caused the fire loss in question and the Court further finds if the sole defense now existing consisting of arson on the part of the plaintiff is not sustained that judgment will then be entered in this cause in the following sums: $23,000.00 for total destruction of plaintiff's home; $11,500.00 for the contents of said home; $4,000.00 living expenses; plus 12% penalty on the total sum of $38,500.00 from all of sixty days after 24th day of September, 1976 at six per cent per annum."

erred in granting appellee's request for summary judgment and that the attorney's fee awarded by the trial court is excessive.

In Ark. Stat. Ann. § 29-211 (Repl. 1962 and Supp. 1977) pertaining to summary judgment proceedings, it is provided in relevant part as follows:

". . . [T]he judgment sought shall be rendered forthwith if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*See: Universal Life Insurance Co.* v. *Howlett,* 240 Ark. 458, 400 S.W. 2d 294 (1966); *Jones* v. *Comer,* 237 Ark. 500, 374 S.W. 2d 465 (1964).

It is universally recognized that in reviewing the record on a motion for summary judgment, the trial court must review it in the light most favorable to the party resisting the motion with all doubts and inferences being resolved against the moving party.

In reviewing the entire record submitted in this cause, we cannot conclude or hold that the trial court committed reversible error. We are persuaded that the trial court was correct in holding that appellee was entitled to a summary judgment as a matter of law on appellant's defense of arson.

By way of summary, the evidence accumulated by discovery on the part of appellee shows that the evidence that appellant contemplated using in order to establish arson as a defense is speculative. For example, the Hot Springs Fire Marshal testified that he had no evidence as to who caused the fire and obviously had no evidence identifying appellee as the responsible party for the fire; Dan W. Hickman, Jr., Claims Manager for appellant, could not offer any evidence as to the cause of the fire. An affidavit filed in behalf of appellee specified that the Arkansas State Police had not conducted an investigation in regards to the alleged arson defense. Consequently, the trial court was justified in con-

cluding that no genuine issue as to any material fact existed and that appellee was entitled to judgment as a matter of law.

Relative to appellant's contention that the trial court's award of $12,500.00 to appellee's attorney, as an attorney's fee, is excessive, we are persuaded that appellant has asserted a meritorious claim. Consequently, if a remittitur is entered within 17 calendar days for $6,000.00, this action will be affirmed, otherwise, this action will be reversed, so far as the attorney's fees are concerned, and remanded to the trial court.

In *Federal Life Insurance Co. v. Hase,* 193 Ark. 816, 102 S.W. 2d 841 (1937), we stated that there is no fixed formula in considering an attorney's fees in cases such as we have here, other than that discretion must not be abused in awarding an attorney's fees. In summary, this action was disposed of by way of motions for summary judgments, thus, eliminating the necessity for a full scale trial of the issues. Moreover, as emphasized by appellant in its brief, there was no attempt on the part of counsel for appellee to submit an itemized statement of the hours he actually spent in preparation of his client's case so that the fees could be determined in an objective and rational manner. In reivewing the record before us and considering the amount of the recovery involved, we conclude that the fee, as awarded by the trial court, was excessive.

Modified and affirmed, providing a remittitur is entered in the sum of $6,000.00 relative to the award of attorney's fee for appellee's attorney.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.