Mrs. Mary Ruth DAVIS, Mother and Administratrix
of the Estate of Richard Donald MONREAL, Deceased
*v.* LINGL CORPORATION, F. S. SPERRY COMPANY,
INC. and WHEELER BRICK COMPANY

82-105                                              641 S.W.2d 27

Supreme Court of Arkansas
Opinion delivered November 8, 1982

*Frank Snellgrove* of *Frierson, Walker, Snellgrove & Laser,* and *J. B. Cobb* and *Ann Abernathy* of *Law Firm of J. B. Cobb,* Memphis, Tenn., for appellant.

*Reid, Burge & Prevallet,* for appellee Lingl Corporation.

*Penix, Penix, Mixon & Lusby,* for appellee F. S. Sperry Company.

*Barrett, Wheatley, Smith & Deacon,* for appellee Wheeler Brick Company.

FRANK HOLT, Justice. This appeal results from granting summary judgment to appellees. Appellee Wheeler Brick Company contracted with appellee Lingl Corporation to construct a brick kiln on Wheeler's premises. Lingl subcontracted with appellee F. S. Sperry Company, Inc., to construct the masonry aspect of the project. Sperry, as general contractor, in turn subcontracted the work to Pre-Pad, Inc. Pre-Pad is not a party to this action.

At approximately 10 a.m., July 28, 1978, Pre-Pad's employee, Richard Monreal, was found dead at the foot of a twelve foot wooden stepladder. Though no one observed the fall, it appears that Monreal, a welder, had been standing on a ladder welding a guardrail overhead when he fell to his death. Appellant Mary Ruth Davis, decedent's mother, instituted a negligence action in circuit court against appellees, seeking damages for her son's death which she alleges was the proximate result of the individual acts of negligence by each of the appellees. The trial court granted summary judgment in favor of each of them. We affirm.

Appellant contends for reversal that the court erred in granting summary judgment inasmuch as a genuine issue of material fact existed as to whether each of the appellees had the right to control activities on the construction site; and, having that right of control, each of the appellees had a duty to use reasonable care to prevent injury to workmen on the construction site.

A summary judgment is appropriate only where the pleadings, depositions and answers to interrogatories, together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, ARCP; *Turner* v. *Baptist Medical Center,* 275 Ark. 424, 631 S.W.2d 275 (1982). In *Gordon* v. *Matson,* 246 Ark. 533, 439 S.W.2d 627 (1969), we enunciated the duty owed by general contractors and owners of premises.

> It appears to be the general rule that the responsibilities of the prime contractor to employees of the subcontractor on the job are comparable to the duties of the owner of the premises. This is a duty to exercise ordinary care and to warn in the event there are any unusually hazardous conditions existing which might affect the welfare of the employees. The recognized exception occurs if the prime contractor has undertaken to perform certain duties or activities and negligently fails to perform them thereafter or perform[s] them in a negligent manner . . . .

To the same effect is *Jackson* v. *Petit Jean Electric Co-Op,* 270 Ark. 506, 606 S.W.2d 66 (1980). There we reiterated the general rule that an employer of an independent contractor is not responsible for that contractor's negligence except that the employer has a duty to warn the contractor of any latent dangers or unusually hazardous conditions.

It is undisputed that Monreal was an employee of Pre-Pad, an independent contractor. He was standing on a stepladder welding on a guardrail, which was included in the specifications, when he fell and was fatally injured. There was no evidence of an unusually hazardous condition about the premises. Wheeler had scaffolds available on the premises that the deceased could have used instead of the stepladder. Wheeler inspected the work periodically only to insure that it was in accordance with specifications. Lingl, which subcontracted to Sperry, had an employee inspect the project occasionally to insure that the work was in accordance with specifications. Sperry, which subcontracted to Pre-Pad, had no one at the job site. None of the appellees

retained *the right or undertook to control or supervise the* manner in which Monreal, Pre-Pad's employee, performed his work. That was Pre-Pad's right and duty.

Since Monreal's death was caused by the manner in which he performed his work, and none of the appellees had retained the right or undertaken to control or supervise the manner in which the work was performed, no genuine issue of material fact existed as to any independent act or negligence on the part of any of the appellees. The trial court correctly granted their motions for summary judgment.

Affirmed.