Scarlett DeHART *v.* WAL-MART STORES, INC.

96-546                                               946 S.W.2d 647

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Young & Finley,* by: *Richard H. Young,* for appellant.

*Williams & Anderson*, by: *Steven Quattlebaum* and *Thomas G. Williams*, for appellee.

DAVID NEWBERN, Justice. Scarlett DeHart sued Wal-Mart Stores, Inc., alleging that Blair O'Neal, a Wal-Mart pharmacist, negligently reported to police officials that Ms. DeHart might be attempting to obtain a controlled substance by using a fraudulently obtained prescription. Wal-Mart's motion for summary judgment was granted, and Ms. DeHart has appealed on the ground that there are remaining genuine issues of fact. Ark. R. Civ. P. 56(c). She also contends the judgment was issued prematurely because discovery had not been completed. We dismiss the latter point because it was not raised before the Trial Court. We decline to reverse on the former point because we have been given no authority or convincing argument in support of holding that there is a cause of action for negligent reporting or prosecution of suspected crimes.

According to Ms. O'Neal, a woman telephoned the pharmacy and said, "I'd like to call in a prescription for DeHart." The caller said the prescription was for Scarlett DeHart for twenty-four Darvocet, gave her the directions for usage, then said "Doctor Lipsmeyer" and hung up.

Ms. O'Neal explained that she became suspicious because the directions, though presented in medical vernacular, were given incorrectly. She called Dr. Lipsmeyer's office and was told that Ms. DeHart was not a patient of the Doctor, and that the prescription call was not made by anyone in the Doctor's office.

Ms. O'Neal called the Drug Enforcement Agency and reported what had occurred. She was told to stall until they arrived. When Ms. DeHart entered the pharmacy and asked if her prescription was ready, she was asked to wait. Officers arrived, and Ms. DeHart was arrested and charged with fraudulent attempt to procure prescription drugs.

Ms. DeHart alleged she spent twenty-eight days in jail and lost her job as a result of the incident. Ms. DeHart had apparently been convicted previously of uttering bad checks in several counties and was on parole. Attached to Wal-Mart's motion for summary judgment was the record of a parole-revocation hearing at

which testimony concerning the matter of the prescription was taken from the parties and witnesses involved. The evidence was, to say the least, conflicting. It was clear, however, that Ms. O'Neal had not checked the pharmacy computer prior to calling Dr. Lipsmeyer's office. Had she done so, she said, it would have shown authorized refills. It was also clear that Ms. DeHart had been a patient of Dr. Lipsmeyer who had prescribed Darvocet for her, but that he could not recall whether any refills were ordered.

Also attached to the motion for summary judgment was the affidavit of Robin Wright, a licensed pharmacist. According to the affidavit, Ms. O'Neal, by contacting the DEA, acted in accordance with the standard operating procedure for licensed pharmacists.

In granting the motion for summary judgment, the Trial Court stated there had been no demonstration of a "breach of duty." We echo that determination here.

### 1.   Summary judgment

The question of the duty, if any, owed a plaintiff alleging negligence is always one of law and never one for the jury. *Lawhon Farm Supply, Inc. v. Hayes*, 316 Ark. 69, 870 S.W.2d 729 (1994); *Keck v. American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983). Ms. DeHart's argument must rest on a cause of action for negligent prosecution or negligent reporting. Stated differently, there is no need for us to get to the issue whether there are facts to be determined unless it is clear that, as a legal proposition, Wal-Mart owed a duty to Ms. DeHart that could have been violated in this case.

In the argument portion of her brief, Ms. DeHart cites three cases to support her contention that summary judgment should not have been granted. The first case, *Miller v. Nuckolls*, 77 Ark. 64 (1905), involved an action "for slander and libel," and it is cited for the proposition that every citizen has the duty to aid the detection of crime. The second case, *St. Louis Sw. Ry. Co. v. Farrell*, 242 Ark. 757, 416 S.W.2d 334 (1967), is a railroad crossing accident case, cited for the proposition that compliance with safety regulations does not completely discharge one's duty to act rea-

sonably. The third case, *Lee v. John Doe*, 274 Ark. 467, 626 S.W.2d 353 (1981), is cited for its general language concerning the proper standards for the granting of a summary judgment. None of the cases cited touches upon the Trial Court's determination that Wal-Mart owed to Ms. DeHart no duty which was allegedly violated.

A Texas Court of Appeals has, in a scholarly opinion, illuminated the issue Ms. DeHart has not tackled. In *Smith v. Sneed*, 938 S.W.2d 181 (Tex. Ct. App.—Austin 1997), that Court held, in essence, that there is no cause of action for negligently reporting activity thought to be criminal in nature. The question presented concerns the balance between the need to refrain from discouraging citizens from reporting crimes and the need to prevent persons from doing so in a manner that unnecessarily harms the persons reported. As explained by the Texas Court, the requirement of a showing of malice in malicious prosecution actions is a result of the law's attempt to provide the properly placed fulcrum.

We take no position on the issue in this case, as there has been no attempt to argue that the Trial Court erred in holding that Wal-Mart had no duty to refrain from reporting the incident as it did. The law of negligence requires as an essential element that the plaintiff show that a duty was owed. *Young v. Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994); *Earnest v. Joe Works Chevrolet, Inc.*, 295 Ark. 90, 746 S.W.2d 554 (1988). Although there may be unresolved factual disputes about what happened between Ms. DeHart and Wal-Mart, we affirm the decision because Ms. DeHart has given us no basis to hold that the Trial Court erred in his decision with respect to the duty owed by Wal-Mart to Ms. DeHart.

## 2. Discovery

Ms. DeHart contends, for the first time on appeal, that the Trial Court should not have granted the motion for summary judgment while discovery was outstanding. When an argument has not been presented to the Trial Court we will not consider it on appeal as a basis for reversal. *Anthony v. Kaplan*, 324 Ark. 52,

918 S.W.2d 174 (1996); *Carr v. General Motors Corp.*, 322 Ark. 664, 911 S.W.2d 575 (1995).

Affirmed.

CORBIN, J., not participating.

HANI HASHEM, Special Justice, joins in this opinion.